UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.   24-10074 |
| | ) | |
| | ) | Violations: |
| v. | ) | |
| | ) | Counts One through Nine: |
| JOHN D. MURPHY, | ) | Possessing Animals for |
| | ) | Use in Animal Fighting Venture |
| Defendant | ) | (7 U.S.C. § 2156(b)) |
| | ) | |
| | ) | Forfeiture Allegation |
| | ) | (7 U.S.C. § 2156(e) and 28 U.S.C. |
| | ) | § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      An "animal fighting venture" was any event, in and affecting interstate and foreign

commerce, that involved a fight conducted and to be conducted between at least two animals for

purposes of sport, wagering, and entertainment. 7 U.S.C. § 2156(f)(1).

2.      Defendant JOHN D. MURPHY was a resident of Hanson, Massachusetts.

3.      Defendant JOHN D. MURPHY possessed at his residence in Hanson,

Massachusetts, items associated with possessing dogs for participation in an animal fighting

venture, including: intravenous infusion equipment; syringes; antibiotics; injectable anabolic

steroids; injectable corticosteroids; a skin stapler; forceps; equipment used to train dogs, including

a treadmill, a slat mill, a carpet mill, and a flirt pole; dog training and fighting literature; a hanging

digital scale used to weigh dogs for matches; written training regimens; break sticks used to

1

separate fighting dogs; and a breeding stand used to immobilize female dogs during breeding to prevent harm while mating.

COUNTS ONE THROUGH NINE
Possessing Animals for Use in Animal Fighting Venture
(7 U.S.C. § 2156(b))

The Grand Jury charges that:

4.      The Grand Jury re-alleges and incorporates by reference paragraphs 1-3 of this Indictment.

5.      On or about June 7, 2023, in Hanson, in the District of Massachusetts and elsewhere, the defendant,

JOHN D. MURPHY,

knowingly possessed animals, to wit, pit bull-type dogs, for the purpose of having the animals participate in an animal fighting venture, as defined by Title 7, United States Code, Section 2156(f)(1), each count constituting a separate offense:

| COUNT | DOG IDENTIFICATION NUMBER |
|-------|---------------------------|
| 1 | USM-001 |
| 2 | USM-002 |
| 3 | USM-003 |
| 4 | USM-004 |
| 5 | USM-005 |
| 6 | USM-006 |
| 7 | USM-007 |
| 8 | USM-008 |
| 9 | USM-009 |

All in violation of Title 7, United States Code, Section 2156(b).

FORFEITURE ALLEGATION
(7 U.S.C. § 2156(e) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 7, United States Code, Section 2156(b), set forth in Counts One through Nine, the defendant,

JOHN D. MURPHY,

shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2156(e), and Title 28, United States Code, Section 2461(c), any animal involved in any violation of this section. The property to be forfeited includes, but is not limited to, the following:

    a.  a blonde, female pit bull-type dog;

    b.  a white and red, male pit bull-type dog;

    c.  a red, underweight male pit bull type-dog;

    d.  a red, male pit bull-type dog;

    e.  a fawn, female pit bull-type dog;

    f.  a red, male pit bull-type dog;

    g.  a red, underweight male pit bull-type dog; and

    h.  a red, underweight male pit bull-type dog

seized on June 7, 2023, by the U.S. Department of Agriculture - Office of Inspector General pursuant to a federal search warrant executed at MURPHY's residence.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 7, United States Code, Section 2156(e), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

3

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

DANIAL E. BENNETT
KAITLIN J. BROWN
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

MATTHEW T. MORRIS
TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION
ENVIRONMENT AND NATURAL RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE

/s/ Dawn M. King 3/28/24 12:21pm
Deputy Clerk

4